IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ANDREW MEDLOCK § | |
| § | |
| V. § | A-12-CA-139-SS |
| § | |
| TX. BOARD OF PARDONS & PAROLES § | |
| and RISSIE OWENS[1] § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Petitioner's Brief in Support (Document 2). Petitioner, proceeding pro se, has paid the appropriate filing fee. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**I. STATEMENT OF THE CASE**

Petitioner challenges the February 22, 2010 revocation of his parole.[2] Petitioner challenged this revocation in a state application for habeas corpus relief filed on August 11, 2010. Ex parte

---

[1] Petitioner mistakenly refers to the Chairperson of the Board of Pardons and Paroles as "Rizzie" Owens. The Court will correctly refer to the Chairperson as "Rissie" Owens.

[2] Petitioner failed to specify the date of his parole revocation. The Texas Court of Criminal Appeals made available electronically Petitioner's state habeas records in Application No. 21,562-02. Page 31 of the state habeas record indicates Petitioner's parole was revoked on February 22, 2010. This page is attached to the Report and Recommendation as an appendix.

Medlock, Appl. No. 21,562-02. The Texas Court of Criminal Appeals denied the application on May 11, 2011.

## II. DISCUSSION AND ANALYSIS

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### B. Application

Subsection 2244(d)(1)(D) governs the timeliness of claims predicated on parole decisions. Goodwin v. Dretke, 118 F. App'x 817, 818 (5th Cir. 2004). The limitations period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered

through the exercise of due diligence." § 2244(d)(1)(D).  Petitioner could have discovered the factual predicate of his claims on February 22, 2010, the date his parole was revoked.  At the time Petitioner filed his state application for habeas corpus relief on August 11, 2010, 195 days remained of the one-year limitations period.  The Texas Court of Criminal Appeals denied Petitioner's state application on May 11, 2011.  Therefore, to be timely Petitioner's federal application should have been filed on or before November 22, 2011.  Petitioner did not file his federal application until February 14, 2011, nearly three months after the limitations period had expired.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

through the exercise of due diligence." § 2244(d)(1)(D).  Petitioner could have discovered the factual predicate of his claims on February 22, 2010, the date his parole was revoked.  At the time Petitioner filed his state application for habeas corpus relief on August 11, 2010, 195 days remained of the one-year limitations period.  The Texas Court of Criminal Appeals denied Petitioner's state application on May 11, 2011.  Therefore, to be timely Petitioner's federal application should have been filed on or before November 22, 2011.  Petitioner did not file his federal application until February 14, 2011, nearly three months after the limitations period had expired.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of February, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

# APPENDIX



**STATE OF TEXAS**
**BOARD OF PARDONS AND PAROLES**

### Hearing/Waiver Results (contd.)

| Name | TDCJ # | SID # | VR # |
|---|---|---|---|
| MEDLOCK, ANDREW | 00506424 | 03532418 | 10054273 |

**Allegation**
Offender failed to attend MHMR appointment as instructed 2/5/10. PO McGann

**Rule#** 8 S
**Criminal Charge Type**      **Criminal Status**      **Offender Plea**

**Hearing Officer Findings**      **Board Analyst Findings**
Sustained                         Sustained

**Allegation**
Failure to attend substance abuse treatment program. PO McGANN

### RECOMMENDATIONS

**Title**                      **Recommendation**
Parole Officer                 Revoke
**Comments**
None.

**Title**      **Name**              **Recommendation**
Hearing Officer   BERCHER, BRENDA    Non Revocation Action- Continue Supervision Reaffirm or Modify Existing Special Conditions
**Comments**
None.

**Title**      **Name**            **Recommendation**
Analyst        HARNEY DIANE        Revoke

### DECISION

**Board Decision**                                      **Date**
Revoke                                                  02/22/2010

**Special Conditions**

Information contained herein may be confidential and privileged and shall not be disclosed except as allowed by law.      Page 3 of 5.

P3

00031